**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JERMAINE CLAYTON WILLIAMS, #55514-004**                              **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO. 5:10-cv-138-DCB-MTP**

**BRUCE PEARSON, et al.**                              **RESPONDENTS**

<u>MEMORANDUM OPINION</u>

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal.  Petitioner

Jermaine Clayton Williams, an inmate at the Federal Correctional Complex, Yazoo City,

Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on August

24, 2010.  Upon review of the entire record, the court has reached the following conclusions.

<u>Background</u>

Petitioner states that he pleaded guilty to Hobbs Act conspiracy, attempted Hobbs Act

robbery and use of a firearm during commission of a crime of violence in the United States

District Court for the Southern District of Florida on January 15, 2002, and was sentenced to 200

months in the custody of the Bureau of Prisons on April 3, 2002.[1]  Pet. [1-4] at 1.  On August 5,

2003, the United States Court of Appeals for the Eleventh Circuit reversed petitioner's case for

re-sentencing.  <u>Id</u>.  On December 4, 2003, the United States District Court for the Southern

District of Florida re-sentenced petitioner to 185 months in the custody of the Bureau of Prisons.

<u>Id</u>.  Petitioner states that he filed a motion to vacate, set aside, or correct his sentence pursuant to

28 U.S.C. § 2255 in the United States District Court for the Southern District of Florida on

---

[1]  This information was ascertained from an attachment to the petition of an order of the
United States District Court of the Southern District of Florida where petitioner directed this court
for "further history and background."  Pet. [1] at 3.

March 12, 2007, which was denied as time-barred on April 4, 2007.  Resp. [6] at 3.  Petitioner further states that on October 11, 2007, the United States Court of Appeals for the Eleventh Circuit denied his certificate of appealability.  Id.

In the petition before this court, petitioner argues that the "United States District Court was without jurisdiction to accept a guilty plea, convict and sentence Declarant for an offense not cognizable by federal statute, charged in a fatally defective indictment."  Pet. [1] at 2.  As relief, petitioner requests that he be discharged from "further restraint."  Pet. [1] at 7.

Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992).  As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated."  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing."  Ojo v. I.N.S.,106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990)).

In the instant case, the petitioner's allegations relate to the validity of his conviction.  Clearly, these claims relate to alleged errors that occurred during or before sentencing and not to the manner in which his sentence is being executed.  As such, this court does not have jurisdiction to address the constitutional issues presented by the petitioner.  "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or

2

construed as a section 2255 motion."  Pack, 218 F.3d at 452.

However,"§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'"  Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[2]  Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective."  Pack, 218 F.3d at 452.  The Fifth Circuit has provided guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement.  See  Reyes-Requena, 243 F.3d 893 (5th  Cir.2001).  The Court held the savings clause of § 2255 to apply to a claim:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

 Reyes-Requena, 243 F.3d at 904.  For the following reasons, petitioner fails to the to meet the requirements of the savings clause of § 2255.

Petitioner asserts that a § 2255 motion is an inadequate and ineffective remedy because the "issue/claim raised herein is not cognizable in a motion to vacate as the petitioner neither contest nor challeges (sic) the legality of the conviction or sentence."  Resp. [6] at 2.  However, petitioner is clearly challenging his conviction as he is challenging the jurisdiction of the

---

[2] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

convicting court, the fact that the offense was not "cognizable by federal statute" and challenging the indictment itself.  Pet. [1] at 2.  The court finds petitioner's argument in order to meet the savings clause requirements unpersuasive.

To meet the first prong of the <u>Reyes-Requena</u> test, petitioner must be relying on a decision by the Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime.  <u>Reyes-Requena</u>, 243 F.3d at 904.  The petitioner has failed to provide <u>any</u> support to satisfy this requirement.[3]  Thus, the petitioner has failed to meet the first prong of the requirements of <u>Reyes-Requena</u>.

Because both prongs of the <u>Reyes-Requena</u> test must be met for a claim to benefit from the savings clause, this court need not address the second prong of the test.  Moreover, the United States Court of Appeals for the Fifth Circuit has held that a "prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement does not make § 2255 inadequate or ineffective."  <u>Tolliver v. Dobre</u>, 211 F.3d 876, 878 (5th Cir. 2000); <u>see</u> <u>also</u> <u>Pierre v. Justice</u>, 222 Fed. App'x 415 (5th Cir. 2007) (§ 2255 motion dismissed as time-barred failed to establish the inadequacy or ineffectiveness of the § 2255 remedy).  Therefore, since the petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

Conclusion

As stated above, § 2241 is not the proper forum to assert petitioner's claims.   Therefore, this § 2241 petition will be dismissed, without prejudice, as frivolous and to the extent that the

---

[3]   Petitioner cites numerous cases in his pleadings, however, he does not rely on any of the cited cases in order to establish that he meets the savings clause requirements.

petition can be construed as a § 2255 motion it shall be dismissed for this court's lack of

jurisdiction, with prejudice**.** See <u>Pack</u>, 218 F.3d at 454-55.

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the <u>  28th  </u> day of October, 2010.


<u>  s/ David Bramlette                           </u>
UNITED STATES DISTRICT JUDGE